IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SALVATORE PISANO, JR.,

    Petitioner,

v.   No. 1:14-cv-01086-JDB-egb

MIKE PARRIS,

    Respondent.

ORDER TO MODIFY THE DOCKET,
ADDRESSING PENDING MOTIONS,
PARTIALLY GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court are the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Pet., *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 1), filed by Petitioner, Salvatore Pisano, Jr., Tennessee Department of Correction prisoner number 490172, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee; Respondent's Motion to Dismiss (Mot. to Dismiss, *id.*, ECF No. 10), filed by Henry Steward, the previous Warden of the NWCX;[1] and the following motions filed by Pisano: (i) Petitioner's "Motion for Default Judgement [sic] and Relief Requested" (Mot. for Default J., *id.*, ECF No. 13); (ii) "Motion for Disposition (Status of a Case)" (Mot. for Disposition, *id.*, ECF No. 19); and (iii) "Motion for Summary Judgement [sic] Granting the Petitioner Relief" (Mot. for Summ.

---

[1]The Clerk is **DIRECTED** to substitute current NWCX Warden Mike Parris for Henry Steward as Respondent in this action. *See* Fed. R. Civ. P. 25(d).

J., *id.*, ECF No. 20). For the reasons stated below, the Court DENIES the Motion for Default Judgment, GRANTS the Motion for Disposition, DENIES the Motion for Summary Judgement, GRANTS the Motion to Dismiss in part and DENIES the Petition.

I.         **BACKGROUND**

        A.         **State Court Procedural History**

On July 19, 2010, a grand jury in Hardin County, Tennessee returned an eight-count indictment charging Pisano with the rape of K.L., a child more than three years of age but less than thirteen years of age, on various dates in January 2010. (Indictment, *State v. Pisano,* No. 9269 (Hardin Cnty. Circ. Ct.), ECF No. 11-1 at PageID 91-99.) The victim was the twelve-year-old girlfriend of Pisano's son. On June 9, 2011, Petitioner appeared in the Circuit Court for Hardin County to plead guilty to four counts of aggravated sexual battery in exchange for a negotiated sentence of imprisonment of eight years on each count to run concurrently. (Request for Acceptance of Plea of Guilty [&] Pet. to Waive Trial by Jury & to Waive an Appeal, *id.*, ECF No. 11-1 at PageID 122-24.) Judgments were entered on June 20, 2011. (J., *id.,* ECF No. 11-1 at PageID 125 (Count 1); J., *id.*, ECF No. 11-1 at PageID 126 (Count 2); J., *id.*, ECF No. 11-1 at PageID 127 (Count 3); J., *id.*, ECF No. 11-1 at PageID 128 (Count 4).) Pisano did not appeal, having waived the right to do so.

On August 22, 2011, the inmate filed a *pro se* petition in the Hardin County Circuit Court pursuant to the Tennessee Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-30-101 to -122. (Pet. for Relief from Conviction or Sentence, *Pisano v. State,* No. 9269 (Hardin Cnty. Circ. Ct.), ECF No. 11-1 at PageID 133-36.) On August 25, 2011, the post-conviction court dismissed the petition for failure to state a colorable claim. (Preliminary Order (No Colorable Claim), *id.*, ECF No. 11-1 at PageID 137.) On September 6, 2011, Pisano filed an amendment to his post-conviction petition (Colorable Claim, *id.,* ECF No. 11-1 at PageID 138-41) and a motion to reopen the post-

conviction proceeding (Mot. to Reopen Post-Conviction Pet., *id.*, ECF No. 11-1 at PageID 142-47). On September 28, 2011, the post-conviction court denied the motion to reopen. (Order, *id.*, ECF No. 11-1 at PageID 148.) A corrected order was entered on October 19, 2011. (Order, *id.*, ECF No. 11-1 at PageID 149.) On November 1, 2011, Pisano filed another amendment to his post-conviction petition (Colorable Claim, *id.*, ECF No. 11-1 at PageID 150-53) and a second motion to reopen (Mot. to Reopen Post-Conviction Pet., *id.*, ECF No. 11-1 at PageID 154-57). On November 15, 2011, the post-conviction court again denied the motion to reopen, finding that "no new grounds have been raised that remotely suggest any abridgement of a Constitutional right or provide any grounds for relief whatsoever." (Order, *id.*, ECF No. 11-1 at PageID 88.) The order also stated that "these continued pleadings constitute frivolous actions which will be sanctioned by the Court if any additional frivolous actions are filed." (*Id.*) The Tennessee Court of Criminal Appeals ("TCCA") dismissed Pisano's appeal for want of jurisdiction. *Pisano v. State,* No. W2011-02535-CCA-R3-PC, 2012 WL 5507328 (Tenn. Crim. App. Nov. 13, 2012).

### B. Procedural History of Pisano's Petition

On April 11, 2014, Petitioner filed his *pro se* Petition, accompanied by the habeas filing fee. (Pet., *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 1; Case initiation fee, *id.*, ECF No. 2.) The Petition presents the following claims:

1. "Ineffective Assistance of Counsel" (Pet. at PageID 5, *id.,* ECF No. 1; *see also id.* at PageID 15);

2. "Violation Rule 11" (*id.* at PageID 6; *see also id.* at PageID 6-7, 16-22); and

3. "New law" (*id.* at PageID 8; *see also id.* at PageID 23).

In an order issued on April 30, 2014, the Court directed Respondent to submit a response to the Petition within twenty-three days. (Order, *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 4.)

3

On June 9, 2014, Respondent filed a Motion to Dismiss the Petition as time-barred, accompanied by the state-court record. (Mot. to Dismiss, *id.*, ECF No. 10; Not. of Filing, *id.*, ECF No. 11.) On June 20, 2014, the inmate filed a document that appears to be a response to the Motion to Dismiss, titled "Habeas Corpus Petition Tolling Statute of Limitation Timeliness of Petition:." (Resp. to Mot. to Dismiss, *id.*, ECF No. 15.)[2]

On June 11, 2014, Pisano sought an entry of default (Request for Entry of Default, *id.*, ECF No. 12), which the Clerk denied on June 13, 2014 (Order Denying Pet'r's Mot. for Entry of Default, *id.*, ECF No. 14).[3] Also on June 11, 2014, Pisano moved for a default judgment. (Mot. for Default J. & Relief Requested, *id.*, ECF No. 13.) The motion is meritless because Respondent filed a timely Motion to Dismiss. Moreover, the Federal Rules of Civil Procedure are applicable to habeas petitions only to the extent the practice in those proceedings "has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4)(B). The entry of default is governed by Rule 55(a), which "has no application in habeas corpus cases." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *Herrington v. Bezotte*, No. 14-cv-13395, 2015 WL 268412, at *4 (E.D. Mich. Jan. 21, 2015). District courts may not enter default judgments in habeas cases without consideration of the merits of a prisoner's claims. *Perini*, 424 F.2d at 138. Finally, although the motion purports to enumerate various defects in the state-court judgments and to request jail credit, a Motion for Default Judgment is not a proper vehicle to seek leave to amend to raise additional claims. The Motion for Default Judgment is DENIED.

---

[2] The Clerk erroneously docketed this filing as an amendment to the Petition. The Clerk is **DIRECTED** to modify the docket to reflect that this filing is a response to the Motion to Dismiss.

[3] Petitioner filed another Request for Entry of Default on December 5, 2014. (Request for Entry of Default, *id.*, ECF No. 21.) The Clerk denied the application on December 10, 2014. (Order Denying Pet'r's Mot. for Entry of Default, *id.*, ECF No. 22.)

On September 2, 2014, Pisano filed a motion seeking the disposition of this matter. (Mot. for Disposition (Status of the Case), *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 19.) His eighteen-page filing is largely unintelligible. To the extent Petitioner seeks a ruling on the matter, his motion is GRANTED. This order constitutes that ruling.

On October 23, 2014, the inmate filed a "Motion for Summary Judgement Granting the Petitioner Relief." (Mot. for Summ. J., *id.*, ECF No. 20.) In that thirty-one-page filing, he repeats the arguments presented in his Motion for Disposition about his entitlement to sentence credit. Local Rule 56.1(a) provides that,

> [i]n order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

Pisano has not filed a statement of undisputed facts. He also has not filed a legal memorandum, as required by Local Rule 7.2(a)(1). Consideration of the merits of his summary judgment motion is premature until the Court has ruled on the Motion to Dismiss. Thus, the Motion for Summary Judgement is DENIED.

II.            **RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a Motion to Dismiss the Petition as time-barred. (Mot. to Dismiss, *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 10.) Twenty-eight U.S.C. § 2244(d) provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Pisano did not appeal his convictions, they became final no later than the expiration of the time for taking a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see Jiminez v. Quarterman*, 555 U.S. 113, 118-19 (2009). The judgments were entered on June 20, 2011. The time for taking a direct appeal expired thirty days later, on July 20, 2011, Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence), at which time the running of the limitations period began.[4]

---

[4] Section 2244(d)(1) provides that the limitations period begins to run from the *latest* of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for Claims 1 and 2 commenced at any time later than the date on which Petitioner's convictions became final.

Respondent has not separately analyzed the timeliness of Claim 3, which relies on a Tennessee statute that took effect on July 1, 2012. The statute of limitations is an affirmative defense, *Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002), *abrogated on other grounds by Day v. McDonough*, 547 U.S. 198, 205 (2006), and, therefore, it is Respondent's burden to demonstrate that the Petition is untimely, *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Because Respondent has failed to establish that claim is time-barred, the Motion to Dismiss is DENIED as to Claim 3.

The limitations period ordinarily would be tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Pisano filed his post-conviction petition on August 22, 2011. By that time, thirty-three days of the one-year limitations period had elapsed. The TCCA dismissed Pisano's appeal for want of jurisdiction on November 13, 2012. Assuming that Tennessee allows an application for permission to appeal a dismissal for want of jurisdiction, the time to do so expired sixty days later, on January 12, 2012. *See* Tenn. R. App. P. 11(b). The running of the limitations period recommenced on that date, and it expired 332 days later, on December 10, 2012. The Petition was signed on April 1, 2014 (*see* § 2254 Pet. at PageID 14, *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 1), more than fifteen months after the expiration of the limitations period, and, even if it were deemed to have been filed on that date, *see Houston v. Lack*, 487 U.S. 266, 270-71, 276 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), Claims 1 and 2 are time-barred.[5]

Parris argues that the limitations period was not tolled by the filing of the post-conviction petition because that petition was not "properly filed." (*See* Resp't's Mem. in Supp. of Mot. to Dismiss at 2, *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 10-1.) "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis & internal footnote omitted). Respondent contends that the original post-conviction petition was not "properly filed" because it did not contain sufficient factual allegations to state a colorable claim. (Resp't's Mem. in Supp. of Mot. to Dismiss at 2, *Pisano v. Parris,* No. 1:14-cv-01086-JDB-egb (W.D. Tenn.), ECF No. 10-1.)

---

[5]Because the last day of the limitations period fell on Sunday, December 9, 2012, Petitioner had until the end of the next business day to file a timely § 2254 petition. Fed. R. Civ. P. 6(a)(1)(C).

Respondent has cited no authority for the proposition that Tennessee courts view a failure to state a colorable claim as a procedural defect rather than a decision on the merits.[6] For the reasons previously stated, Claims 1 and 2 of the Petition are untimely even if Petitioner were given credit for the time the post-conviction petition was pending in state court.[7]

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation

---

[6]Parris has not addressed whether Petitioner's two motions to reopen the post-conviction proceedings were "properly filed" within the meaning of § 2244(d)(2). Respondent also has not argued that Pisano's appeal from the denial of the second motion to reopen was not "properly filed." The latter argument might have been persuasive. The TCCA dismissed the appeal for want of jurisdiction, reasoning that an appeal for a denial of a motion to reopen is a discretionary appeal that requires the filing of an application for permission to appeal rather than a notice of appeal. *Pisano v. State,* 2012 WL 5507328, at *3.

> The Tennessee Supreme Court has determined that the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review. The brief notice of appeal which the petitioner filed contains only the date of the judgment and identifies it as "the final judgment entered" but contains no account of the issue or reasons for granting review. We conclude that the petitioner's pleading cannot be construed as an application for permission to appeal and has failed to satisfy the statutory requirement.
>
> Failure to fulfill the statutory requirements of Tennessee Code Annotated section 40–30–117(c) deprives this court of jurisdiction to decide the issues raised. This court cannot waive or suspend the statutory requirement. Accordingly, our jurisdiction does not extend to this matter and we must dismiss the appeal.

*Id.* (internal citations & some quotation marks omitted). Because the Petition is time-barred even if Pisano were to be given full credit for the time during which his post-conviction petition, the motions to reopen, and the appeal were pending in state court, it is unnecessary to decide this issue.

[7]In his Response to the Motion to Dismiss, Pisano cites Tennessee Code Annotated § 40-30-202(b) (1997), which is currently codified at Tennessee Code Annotated § 40-30-102(b). That statute addresses the timeliness of state post-conviction petitions. (*See* Resp. to Mot. to Dismiss, *Pisano v. Parris,* No. 1:14-cv-1086-JDB-egb (W.D. Tenn.), ECF No. 15.) It has no bearing on federal habeas petitions, which are governed by 28 U.S.C. § 2244(b)(1).

8

marks omitted). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Pisano did not respond to the Motion to Dismiss in which he claimed to be entitled to equitable tolling. In the section of the Petition addressing the timeliness of the filing, Petitioner addressed the standards for granting habeas relief, which he appears to assume are exceptions to the statute of limitations. (*See* Pet. at PageID 24, *Pisano v. Parris,* No. 1:14-cv-1086-JDB-egb (W.D. Tenn.), ECF No. 1.) Pisano's apparent ignorance of the law is insufficient to entitle him to equitable tolling. *See Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("the district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling"); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* prisoner, is not grounds to toll the statute."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Therefore, Pisano is not entitled to equitable tolling.

The Court GRANTS Respondent's Motion to Dismiss Claims 1 and 2 as time-barred.

### III.        ANALYSIS OF CLAIM 3

The Court ordinarily would order Respondent to file a response to Claim 3. It is unecessary to do so in this case because it is clear that Pisano is not entitled to relief under 28 U.S.C. § 2254 on that claim. Claim 3, titled "New law," seeks relief in light of a Tennessee statute that took effect on July 1, 2012, and that is codified at Tennessee Code Annotated § 40-28-115. (*See* Pet. at PageID 23, *Pisano v. Parris,* No. 1:14-cv-1086-JDB-egb (W.D. Tenn.), ECF No. 1.) That statute addresses eligibility for parole.

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Claim 3, which asserts a right to relief under Tennessee law, cannot be addressed in a federal habeas petition. Therefore, Claim 3 is DISMISSED.

Because every claim asserted by Petitioner has been dismissed, the Petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

**IV.        APPEAL ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the Petition is time-barred and that Claim 3 cannot be litigated in federal court. Because any appeal by Petitioner on the issues raised in the Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[8]

---

[8]If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED this 13th day of February 2015.

              s/ J. DANIEL BREEN
              CHIEF UNITED STATES DISTRICT JUDGE